UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 6:10-CR-46-GFVT-HAI-1 |
| v. ) | |
| ) | RECOMMENDED DISPOSITION |
| RONALD DUGGER, ) | |
| ) | |
| Defendant. ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

The Court, on referral, considers reported supervised release violations by Defendant Ronald Dugger. *See* D.E. 125. District Judge Van Tatenhove entered a judgment against Defendant on August 8, 2011, following a plea of guilty to violations of 21 U.S.C. §§ 846 and 851, conspiracy to manufacture methamphetamine (lesser-included offense) and 843(a)(6) and 851, possession of equipment for the manufacture of methamphetamine. D.E. 108. Defendant was sentenced to 170 months of imprisonment as to each count to be served concurrently, followed by six years of supervised release. *Id.* at 2–3. Defendant was released from custody to begin service of his six-year term of supervision on June 8, 2022.

**I.**

On November 18, 2022, the United States Probation Office ("USPO") issued the Supervised Release Violation Report ("the Report") that initiated these proceedings. The Report charges three violations. According to the Report,

> On November 16, 2022, this officer traveled to Dugger's reported residence and made contact with his sister, Jan Begley. Begley advised Dugger stopped by the residence approximately one week prior but he has not stayed at the home for a few weeks. A notice was left at the residence instructing Dugger to report to the

probation office on November 17, 2022. Dugger failed to report as directed and his whereabouts are unknown.

This officer attempted to contact Dugger by phone on November 15, 2022, and November 17, 2022, but his phone is no longer in service.

Violation #1 alleges Defendant violated the condition that requires him to notify the probation officer at least ten days prior to any change in residence or employment. This is a Grade C violation.

The Report also indicates, "On November 12, 2022, this officer was notified Dugger failed to attend his substance abuse treatment appointment on October 21, 2022, and has failed to attend his appointment for his Medication Assisted Therapy. The treatment provider advised she had been unable to reach him by phone." Violation #2 alleges that Defendant violated the condition requiring him to participate in substance abuse treatment. This is also a Grade C violation.

Finally, the Report states, "On November 12, 2022, this officer was notified Dugger failed to attend his mental health treatment appointment on October 21, 2022. The treatment provider advised she had been unable to reach him by phone." Based on this conduct, Violation #3 alleges that Defendant violated the condition requiring him to participate in mental health treatment until he is released from the program by the probation officer. This is a Grade C violation.

## II.

The Court conducted an initial appearance pursuant to Federal Rule of Criminal Procedure 32.1 on December 19, 2022. D.E. 128. During the hearing, Defendant made a knowing, voluntary, and intelligent waiver of his right to a preliminary hearing. *Id.* At the initial appearance, the United States made an oral motion for interim detention; Defendant argued for release. *Id.* Based on the heavy defense burden under 18 U.S.C. § 3143(a), the Court found detention was required.

At the final hearing on January 5, 2023, Defendant was afforded all rights under Rule 32.1 and 18 U.S.C. § 3583. D.E. 131. Defendant waived a formal hearing and stipulated to the violations set forth in the Report. *Id.* The Court found Defendant to be competent to stipulate to the violations and that the stipulation was knowingly, voluntarily, and intelligently made. *Id.* The Court also found the stipulation to be consistent with the advice of counsel. *Id.*

Of course, the Court must find "by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3); *see also United States v. Cofield*, 233 F.3d 405, 406 (6th Cir. 2000) ("In order to revoke supervised release, the sentencing court must find by a preponderance of the evidence that a defendant has violated a condition of his supervised release."). Defendant's stipulation permits the Court to find that he engaged in conduct that is a Grade C violation under the Guidelines. *See* U.S.S.G. § 7B1.1(a)(2).

During the final hearing, the government recommended that Defendant be sentenced to nine months of imprisonment followed by continuing the original term of supervised release, to end on June 7, 2028. Defense counsel recommended no revocation and extending Defendant's original term of supervised release by four years, for a total of term of ten years. Defense counsel alternatively recommended that, if the Court orders revocation, Defendant be given a split sentence of four months of imprisonment followed by four months of home incarceration, pursuant to § 7B1.3(c)(2).

The government noted that Defendant breached the Court's trust by violating just five months after his release. The government argued that, although there is no evidence that the violations are directly related to Defendant's underlying conviction, his conduct nevertheless demonstrates his unwillingness to be supervised. The government also argued that Defendant's lengthy criminal history is an aggravating factor. While it did not request any changes to the

3

current conditions of release, the government expressed that it would be agreeable to any recommendation by the USPO to place Defendant in a halfway house after serving any term of imprisonment.

As mitigating factors, defense counsel noted that Defendant accepted responsibility for the violations and has not violated any laws or failed any drug screens. Defense counsel explained that, prior to the violations, Defendant bought a car to travel to and from his job and had been working towards improving his familial relationships. However, Defendant's car became inoperable around the same time he was laid off from his job. Defense counsel further indicated that Defendant feels overwhelmed and lost due to the amount of time he has spent in prison and the changes that have occurred in society during that time.

Defendant addressed the Court directly and expressed his apologies to the Court and USPO. Defendant stated that he feels left behind due to the changes in technology and society while he has been incarcerated.

### III.

Under 18 U.S.C. § 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant was originally convicted of the Class B felony conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. §§ 846 and 851. *See* 21 U.S.C. § 841(b)(1)(C); 18 U.S.C § 3559(a)(2). His conviction carries a 36-month maximum period of incarceration upon revocation pursuant to 18 U.S.C. § 3583(e)(3).

The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on Defendant's criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F.

App'x 436, 438 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted).

Under § 7B1.1, Defendant's admitted conduct would qualify as Grade C violations. Given Defendant's criminal history category of VI (the category at the time of the conviction in this District) and Grade C violations, Defendant's range, under the Revocation Table of Chapter 7, is eight to fourteen months. U.S.S.G. § 7B1.4(a). Both parties agreed to this calculation of the range.

A Court may also re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." *See* 18 U.S.C. § 3583(h). Defendant's original conviction carries no maximum term of supervised release. 21 U.S.C. § 841(b)(1)(C)

### IV.

The Court has reviewed the entire record, including the Report and its accompanying documents, and Defendant's underlying judgment and sentencing materials. Additionally, the Court has considered all of the § 3553 factors imported into the § 3583(e) analysis.

The Court first considers the nature and circumstances of Defendant's conviction. *See United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2001) (explaining that this sentencing factor focuses upon the original offense rather than the violations of supervised release). Defendant pled guilty to a significant conspiracy to distribute methamphetamine and received a necessary sentence to address his criminal behavior.

The Court next considers Defendant's history and characteristics, the need to deter criminal conduct, and the need to protect the public. Defendant's criminal history, spanning over forty years, is simply abysmal. While the current violations are not directly tethered to the underlying offense, Defendant is still at great risk for reoffending due to this criminal history. Although it is not a primary concern, Defendant's history also includes acts of violence, which supports the need to protect the public and deter future criminal conduct. Further, although these are Defendant's first revocation proceedings in this case, his supervision was revoked in 2008 in another case in this District, which involved similar absconsion conduct.

The Court also considers the need to provide Defendant with training and treatment. Defendant clearly needs treatment to address his mental health issues and may require treatment for substance abuse. However, this treatment was provided to him, but Defendant stopped attending the sessions. Thus, this factor does not weigh in his favor.

The Guidelines suggest that the ***primary*** wrong in the supervised release context is the violation of the Court's trust by an offender. The particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). The Court must impose a sentence that is sufficient, but not greater than necessary, to address Defendant's breach of trust and the other statutory goals imported into section 3583(e). Defendant's violations are troubling in light of his lengthy criminal history and failure to take advantage of the conditions that will benefit him the most. Further, Defendant benefited from a downward departure at sentencing for his underlying conviction. His acceptance of responsibility mitigates this breach to a certain extent.

6

The requirement that the Court seek to avoid unwarranted sentencing disparities among defendants with similar records who are found guilty of similar conduct is addressed by a recommended sentence within the Guidelines range. Here, the Court recommends a sentence of incarceration of eight months. For the reasons discussed above, the Court finds this penalty is sufficient but not greater than necessary to meet the section 3553(a) factors incorporated into this analysis. *See* 18 U.S.C. § 3583(e).

As to Defendant's request to serve half of the term of imprisonment on home confinement, per § 7B1.3(c)(2), such a sentence is not appropriate in light of Defendant's history and the current violations. Defendant has been unable to comply with the most basic of conditions, which are meant to impart lasting change and help treat his mental health and substance abuse issues. Although the Court is sympathetic to the hurdles Defendant meets while on release, such as the advancements society and technology have made during his periods of incarceration, they are the result of Defendant's own choices to repeatedly engage in criminal conduct. Accordingly, a split sentence under § 7B1.3(c)(2) is not appropriate in this case.

A court may re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). Defendant's conviction does not carry a maximum term of supervised release due to the nature of the underlying offense. *See* 18 U.S.C. § 3583(h); 21 U.S.C. § 841(b)(1)(C). The Court recommends reimposition of Defendant's supervised release, to end on the original date of termination – June 7, 2028.

## V.

Based on Defendant's admitted conduct, and in consideration of the factors discussed above, the Court **RECOMMENDS**:

1. That Defendant be found guilty of the violations;

2. Revocation with a term of eight months of imprisonment; and

3. Supervised release be reimposed, to end on June 7, 2028, with the added condition that Defendant be placed in a halfway house immediately upon commencement of supervised release for a period of three months for the purpose of securing housing and gaining stability.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within **fourteen** days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on District Judge Van Tatenhove's docket upon submission.

This the 6th day of January, 2023.

Signed By:
<u>Hanly A. Ingram</u>
United States Magistrate Judge