UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 6:10-cr-00046-GFVT-HAI-1 |
| ) | |
| v. ) | |
| ) | **ORDER** |
| RONALD DUGGER, ) | |
| ) | |
| Defendant. ) | |

*** *** *** ***

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 132.] Defendant Ronald Dugger has been charged with violations of his supervised release. In 2011, Mr. Dugger was sentenced to 170 months of imprisonment followed by six years of supervised release after pleading guilty to conspiracy to manufacture methamphetamine in violation of 21 U.S.C. §§ 846; 851 and possession of equipment for the manufacture of methamphetamine in violation of 21 U.S.C. §§ 843(a)(6); 851. [R. 108.] Mr. Dugger was released from custody on June 8, 2022. [R. 132 at 1.] This is his first reported supervised release violation.

The United States Probation Office's violation report charges Mr. Dugger with three violations of his supervised release conditions. *Id.* First, Mr. Dugger violated the condition that requires him to notify his probation officer at least ten days before any change in his residence by not staying at his reported residence. *Id.* Second, by not attending his appointment for his Medication Assisted Therapy, Mr. Dugger violated the condition that requires him to participate in substance abuse treatment. *Id.* Third, by failing to attend his mental health treatment

appointment on October 21, 2022, Mr. Dugger violated the condition that requires him to participate in mental health treatment. *Id.* All three are Grade C violations.

Mr. Dugger appeared before Judge Ingram for an initial appearance pursuant to Federal Rule of Criminal Procedure 32.1. [R. 128.] During the hearing, Mr. Dugger competently, knowingly, voluntarily, and intelligently waived his right to a preliminary hearing. *Id.* The United States then moved for interim detention, and Mr. Robinson argued for release. *Id.* Based on the heavy defense burden under 18 U.S.C. § 3143(a), Judge Ingram remanded Mr. Dugger to the custody of the United States Marshal. *Id.*

On January 5, 2023, Mr. Dugger appeared before Judge Ingram for his final hearing. [R. 131.] There, he stipulated to the violations imposed, and Judge Ingram found that Mr. Dugger "competently, knowingly, voluntarily, and intelligently" stipulated to the violations. *Id.*

During the final hearing, the parties also presented their recommended sentences. The government recommended a nine-month term of incarceration followed by continuing the original term of supervised release, to end on June 7, 2028. [R. 132 at 3.] It argued that Mr. Dugger violated the conditions of his supervised release just five months after his release, demonstrating a breach of the Court's trust and an unwillingness to be supervised. *Id.* On the other hand, Mr. Dugger recommended no revocation and extending Mr. Dugger's original term of supervised release. *Id.* Alternatively, he recommended a split sentence of four months of imprisonment followed by four months of home incarceration. *Id.* Mr. Dugger argued that he accepted responsibility for the violations and has not violated any law or failed any drug screens. *Id.* at 4. Further, he explained that he had bought a car and was working to improve his personal relationships but that his car became inoperable. *Id.* Mr. Dugger also stated that he feels

overwhelmed and left behind due to the amount of time he served under his original sentence. *Id.*

Section 3583(e)(3) provides that the maximum penalty for a supervised release violation hinges on the severity of the underlying offense of conviction, which in this case was a Class B felony for conspiracy to manufacture methamphetamine. Thus, the conviction carries a 36-month maximum period of incarceration following a revocation. 18 U.S.C. § 3583(e)(3). The conviction also carries no maximum term of supervised release upon revocation. *See* 21 U.S.C. § 841(b)(1)(C). Judge Ingram analyzed the Policy Statements in Chapter 7 and determined, given Mr. Dugger's criminal history category of VI (at the time of his original conviction) and admitted Grade C violation, that Mr. Dugger's range of revocation is 8 to 14 months under the Guidelines. [R. 132 at 5.]

After hearing both arguments, Judge Ingram evaluated the entire record and considered all Section 3553(a) factors imported into the Section 3583(e) analysis, as well as the Guidelines Range. Ultimately, Judge Ingram recommended revocation with a term of incarceration of eight months and a reimposition of his supervised release, to end on the original date of termination—June 7, 2028. *Id.* at 7-8.

Judge Ingram reasoned that Mr. Dugger's conviction for conspiracy to manufacture methamphetamine is serious and that he benefitted from a downward departure for his underlying conviction. *Id.* at 5. Judge Ingram also reasoned that Mr. Dugger's criminal history is extensive, spanning over forty years and including acts of violence. *Id.* at 6. Moreover, Mr. Dugger had his supervision revoked in 2008 in another case in this District that involved similar absconsion conduct. *Id.* In addition, Judge Ingram determined that a split sentence of

3

imprisonment and home confinement would not be appropriate in light of Mr. Dugger's history and his inability to comply with basic reporting conditions. *Id.* at 7.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 7-8; *see* 28 U.S.C. § 636(b)(1). Mr. Dugger did not file any objections to Judge Ingram's Report and Recommendation and filed a waiver of allocution on January 11, 2023. [R. 133.] Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation **[R. 132]** is **ADOPTED** as and for the Opinion of the Court;
2. Mr. Dugger is found **GUILTY** of all violations;
3. Mr. Dugger's supervised release is **REVOKED**;
4. Mr. Dugger is **SENTENCED** to a term of incarceration of eight months, followed by supervised release, to end June 7, 2028, with the added condition that Mr. Dugger be

4

placed in a halfway house immediately upon commencement of supervised release for a period of three months; and

5. Judgment shall enter promptly.

This the 13th day of January, 2023.

Gregory F. Van Tatenhove
United States District Judge