UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 6:10-CR-46-GFVT-HAI |
| v. ) | |
| ) | AMENDED |
| RONALD DUGGER, ) | RECOMMENDED DISPOSITION[1] |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Court, on referral, considers reported supervised release violations by Defendant Ronald Dugger. *See* D.E. 136 at 2. District Judge Van Tatenhove entered a judgment against Defendant on August 8, 2011, following a plea of guilty to a violation of Conspiracy to Manufacture Methamphetamine (21 U.S.C. § 846) and Possession of Equipment for the Manufacture of Methamphetamine (21 U.S.C. § 843(a)(6)). D.E. 108. Defendant was originally sentenced to 170 months of imprisonment and a six-year term of supervised release. *Id.* at 2–3.

Defendant was released from custody to begin service of his six-year term of supervised release on June 8, 2022. On November 18, 2022, the United States Probation Office ("USPO") issued a Supervised Release Violation Report after Defendant failed to notify probation before he changed residences and failed to attend mandatory substance abuse/mental health treatment programs. Defendant eventually stipulated to the violations, and was sentenced to eight months of imprisonment followed by supervised release to end on June 7, 2028. Defendant was release to begin his term of supervised release on July 14, 2023.

---

[1] This amended version is issued to correct the spelling of Defendant's name. No other changes have been made.

On May 10, 2024, the USPO issued the Supervised Release Violation Report ("the Report") that initiated these proceedings and secured an arrest warrant on June 20, 2024. Defendant was arrested on June 17, 2024. The Report charges Defendant with three violations stemming from his termination from Bouncing Back and moving without first obtaining approval to do so from his probation officer. Violation #1 alleged that Defendant was terminated from substance abuse and mental health treatment in violation of Special Condition #2. This is a Grade C violation. Violation #2 alleges that Defendant failed to report to the probation office as directed in violation of Standard Condition #2. This is a Grade C violation. Violation #3 alleges that Defendant violated Standard Condition #5 by failing to live in a place approved by the probation officer. This is a Grade C violation.

I.

The Court conducted an initial appearance pursuant to Federal Rule of Criminal Procedure 32.1 on June 20, 2024. D.E. 138. During the hearing, Defendant made a knowing, voluntary, and intelligent waiver of his right to a preliminary hearing. *Id.* At that time, the United States made an oral motion for detention; Defendant did not argue for release. *Id.* Based on the heavy defense burden under 18 U.S.C. § 3143(a), the Court found detention was required. *Id.*

At the final hearing on July 10, 2024, Defendant was afforded all rights under Rule 32.1 and 18 U.S.C. § 3583. D.E. 141. Defendant waived a formal hearing and stipulated to the violations set forth in the Report. *Id.* The Court found Defendant to be competent to stipulate to the violations and that the stipulation was knowingly, voluntarily, and intelligently made. *Id.* The Court also found the stipulation to be consistent with the advice of Defendant's counsel. *Id.*

Of course, the Court must find "by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3); *see also United States v.*

2

*Cofield*, 233 F.3d 405, 406 (6th Cir. 2000) ("In order to revoke supervised release, the sentencing court must find by a preponderance of the evidence that a defendant has violated a condition of his supervised release."). Defendant's stipulation permits the Court to find that he engaged in conduct that is a Grade C violation under the Guidelines. *See* U.S.S.G. § 7B1.1(a)(3). In particular, Defendant's admission that he was terminated from substance abuse and mental health treatment due to failure to participate, his admission that he moved without obtaining the permission of his probation officer, and his admission that he failed to report to his probation officer as directed permit the Court to find that Defendant committed the charged violations by a preponderance of the evidence.

The United States and Defendant jointly recommended a sentence of twelve months and one day of imprisonment to be followed by two years of supervised release.

Counsel for the United States stressed that a sentence of twelve months and one day was sufficient, but no greater than necessary, to address the relevant sentencing factors. In particular, the United States focused on Defendant's lengthy criminal history and poor history of compliance while on supervised release as supporting the recommended sentence. The United States explained that Defendant's repeated refusal to submit to supervision supported the jointly recommended sentence as well. The United States also explained that the need to protect the public in the future supported the additional two year term of supervised release, particularly in light of Defendant's refusal to abide by the terms of his supervised release. The United States explained that, in its view, it would become clear whether Defendant has "turned things around" during that two-year period of supervision and that a longer period of supervision was not warranted.

Defense counsel relied on Defendant's prior revocation for "the same exact conduct" to support concluding that a twelve month and one day term of imprisonment followed by two years

3

of supervised release is sufficient, but no greater than necessary, to account for the relevant sentencing factors. Defense counsel acknowledged that a shorter sentence was not appropriate as Defendant's first sentence of revocation was eight months, and this revocation term had to be lengthier than the previous one to impress upon the Defendant that he severely breached the Court's trust by refusing to submit to supervision. Defense counsel pointed to the fact that Defendant has spent more of his life inside prison than outside of it to explain Defendant's conduct, viewing that fact as a mitigating factor. Defense counsel explained that Defendant was not engaging in criminal conduct during supervision and highlighted that fact in trying to demonstrate the mitigating considerations surrounding Defendant's breach of the Court's trust.

Defendant acknowledged that he was guilty, but did not allocute beyond acknowledging that fact.

## II.

Under 18 U.S.C. § 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant's conviction pursuant to Conspiracy to Manufacture Methamphetamine (21 U.S.C. § 846) is a Class B felony. *See* 18 U.S.C. § 3559. For a Class B felony, the maximum revocation sentence provided under 18 U.S.C. § 3583 is three years of imprisonment. *See* 18 U.S.C. § 3583(e)(3).

The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on Defendant's criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.")

4

(internal citation omitted). The Guidelines also instruct that, "[w]here there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade." U.S.S.G. § 7B1.1(b).

Under U.S.S.G. § 7B1.1(a), Defendant's admitted conduct qualifies as a Grade C violation with respect to Violations #1, 2 and 3. Given Defendant's criminal history category of VI (the category at the time of his conviction in this District) and a Grade C violation, Defendant's range, under the Revocation Table of Chapter 7, is eight to fourteen months. *See* U.S.S.G. § 7B1.4(a). Both parties agreed to this calculation of the range. Consistent with the guidance of appellate courts, this Court takes the Guidelines-recommended sentence as its starting point and has remained cognizant of it in forming its recommended revocation sentence. *E.g.*, *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016).

### III.

The Court has reviewed the entire record, including the Report and its accompanying documents, and Defendant's underlying judgment and sentencing materials. The Court has also considered all of the 18 U.S.C. § 3553(a) factors imported into the § 3583(e) analysis. Through that consideration, the Court recommends that Defendant's supervision be revoked and that he be sentenced to a twelve month and one day term of imprisonment followed by two years of supervised release.

First, the Court considers the nature and circumstances of the underlying offense. Defendant was convicted of several drug crimes. That Defendant chose to commit such crimes means that he must be treated as a continuing danger to the public, as he has previously

5

demonstrated his willingness to engage in anti-social behavior that is harmful to others. This factor supports a harsher penalty for Defendant's violations of the terms of his supervised release.

The Court next considers Defendant's history and characteristics. Here, Defendant has a lengthy criminal history, which indicates that he remains a danger to the public, even at his advanced age. That Defendant, after having been revoked for absconding from supervision, chose to abandon it once again indicates that he has not yet learned to live peacefully in society. This factor supports a more severe penalty being imposed in this case.

The need to deter criminal conduct, both for Defendant and society, and the need to protect the public from further crimes heavily influence the Court's recommended sentence, specifically its recommendation of an additional term of supervision. In absconding cases, like Defendant's , the Court can never know with certainty what the cause of a defendant's decision to abscond is. In such circumstances, the need to protect the public is heightened, as no ready explanation for Defendant's conduct (and thus no apparent curative measure) is available. That the Defendant is again being revoked for absconding supports both a lengthier term of imprisonment and an additional period of supervised release once Defendant has rejoined society. This factor supports imposing a significant penalty on Defendant for the violations that he committed.

The Court must also consider whether a defendant needs any education, training, or treatment. Here, no need for education, training, or treatment exists beyond the needs present at Defendant's prior revocation proceedings in 2023.

The Court must also seek to avoid unwarranted sentencing disparities among defendants with similar records. Here, this goal is met by sentencing Defendant to a within-Guidelines term of imprisonment for his revocation conduct.

In fashioning its recommended sentence, the Court must take into account whether an additional term of supervised release is warranted. Here, an additional term of supervised release is warranted. Defendant's repeated inability to comply with the most basic terms of his supervised release leads the Court to conclude that he cannot, at this time, be trusted to re-enter society as a law-abiding citizen without the assistance of the USPO. Thus, a two-year term of supervised release is warranted to ensure he becomes a law-abiding citizen upon his release from this term of incarceration.

Finally, the Guidelines suggest that the ***primary*** wrong in the supervised release context is violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* U.S.S.G. Chp. 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). Defendant's choice to repeatedly abandon his supervision is a serious breach of the Court's trust that is key to the Court's recommendation that Defendant be imprisoned for twelve months and one day. It is also a central consideration to the Court's recommendation that Defendant be subjected to two years of supervised release upon his re-entry into society. Such a serious breach of the Court's trust must be subject to strong sanctions to highlight that such breaches will not (and cannot) be tolerated.

In short, a term of imprisonment of twelve months and one day followed by two years of supervised release is sufficient, but no greater than necessary, to address the 18 U.S.C. § 3553(a) factors that are imported into the § 3583(e) analysis.

IV.

Based on Defendant's admitted conduct, and in consideration of the factors discussed above, the Court **RECOMMENDS**:

(1) That Defendant be found guilty of all three violations;

(2) Revocation and imprisonment for a term of twelve months and one day; and

(3) Two years of supervised release under the conditions contained in Defendant's prior revocation judgment (D.E. 135).

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. D.E. 141. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on District Judge Van Tatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 11th day of July, 2024.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge